# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>D. S. LEWIS, et al.,<br><br>    Defendants. | Case No. CV 10-9010 FMO (OPx)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## BACKGROUND

On October 13, 2011, Shaun Darnell Garland ("plaintiff"), proceeding pro se, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against defendant D.S. Lewis. Plaintiff filed a First Amended Complaint ("FAC") on December 7, 2011, adding defendant J. Curiel. On April 26, 2012, D.S. Lewis and J. Curiel (collectively, "defendants") filed a Motion to Dismiss the First Amended Complaint ("Motion") on exhaustion and timeliness grounds, and for failure to state claims upon which relief can be granted. (See, generally, Motion). On June 13, 2012, plaintiff filed an Opposition to Defense Motion to Dismiss the First Amended Complaint ("Opposition"), and a Notice of Errata to the Opposition on June 15, 2012. Defendants filed a Reply to Plaintiff's Opposition to Motion to Dismiss First Amended Complaint on June 21, 2012.

On March 5, 2013, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that defendants' Motion be granted and plaintiff's FAC be dismissed without prejudice as to defendant Curiel for failure to exhaust administrative

remedies, and with prejudice as to defendant Lewis as untimely. (See R&R at 13-20). On March 28, 2013, plaintiff filed Objections to the R&R ("Objections").[1]

## DISCUSSION

While the court adopts the R&R in whole, the court writes separately to address whether plaintiff's claims against defendant D.S. Lewis ("Lewis") can be saved under the relation back doctrine. Plaintiff's claims against Lewis are based on retaliation and denial of his right to petition the government for redress of grievance, in violation of the First Amendment. (See FAC at 6-7). Plaintiff alleges that, "[i]n approx[imately] April 2003[,] Plaintiff filed [a complaint against defendant] for harassing [him,]" and that Lewis thereafter "conjured up [four] correctional counseling chronos [purportedly] issued to plaintiff between April and August of 2003 for . . . alleged misconduct." (FAC at 6). Plaintiff alleges that the correctional chronos were "never issued[,]" but "were conjured up by def[endant] and backdated in order to adversely transfer plaintiff from the honor yard in September 2003." (Id.).

As explained in detail in the R&R, plaintiff's "claim against Defendant Lewis accrued on February 23, 2004," and, applying the "two-year statute of limitations and the two-year tolling period for incarcerated plaintiffs, Plaintiff had until February 22, 2008, to file the current action." (R&R at 15) (internal citations omitted). By not filing his Complaint until November 2, 2010, plaintiff filed "over two and one half years beyond the limitations period." (Id.). Plaintiff, however, argued in his Opposition that his claims against Lewis are not time-barred because he originally filed a timely complaint in the Eastern District of California in a civil rights action entitled, Garland v. A.K. Skribner, Case No. CV 06-0198 ("Skribner"). (See Opposition at 7-11). According to plaintiff, the Skribner action was dismissed without prejudice due to improper venue, (see id. at 10-11), and he thereafter "re-filed [the complaint] against defendant Lewis" in the instant action.

---

[1] The Objections, however, are non-responsive to the R&R. For example, rather than responding to the R&R, plaintiff's Objections consist of a rambling and unintelligible diatribe with sections entitled "Piercing the Corporate Veil," "Fraud Vitiates All Contracts," and "Violation of the Unclean Hands Doctrine," and exhibits of documents relating to signatories to the Mayflower Compact, the Declaration of Independence, and the Articles of Confederation. (See, generally, Objections).

(Id. at 11). The Magistrate Judge therefore examined the docket in Skribner to determine whether the instant action was equitably tolled, such that plaintiff would be entitled to relief from the bar of the statute of limitations, based on plaintiff's pursuit of the case in the Eastern District of California. (See R&R at 16-17). As discussed in the R&R, the complaints filed in Skribner before the February 22, 2008, deadline could not toll the action against Lewis because they did not name him as a defendant. (See id. at 17-18).

While plaintiff objected only generally that his claims against Lewis are "not barred by the applicable statute of limitations[,]" and he did not explicitly raise the applicability of the relation back doctrine, (see, generally, Opposition at 7-11), the court examines sua sponte whether his claims against Lewis in this case relate back to the Skribner action, such that they fall within the statute of limitations time period. Cf. BF&W Assocs. v. Motorola, Inc., 2006 WL 1156381, *3 (N.D. Cal. 2006) ("When there is some doubt as to whether the cause is clearly barred, the rule should be liberally construed, and especially is this so where the defendant is put to no disadvantage.") (internal quotation marks and citation omitted); Husbands v. McClellan, 957 F.Supp. 403, 406 (W.D.N.Y. 1997) ("Analysis of whether an amended complaint relates back to the original complaint must be considered in the context of the liberal relation back policy . . . as well as the rule that *pro se* complaints must be liberally construed.") (italics in original).

When a federal cause of action is brought under 42 U.S.C. § 1983, "the relation back provisions of state law, rather than Rule 15(c) govern[.]" Merrit v. Cnty. of L.A., 875 F.2d 765, 768 (9th Cir. 1989); Cabrales v. Cnty. of L.A., 864 F.2d 1454, 1462 (9th Cir. 1988), opinion vacated, 490 U.S. 1087 (1989), and reinstated, 886 F.2d 235 (9th Cir. 1989), cert. denied, 494 U.S. 1091 (1990), ("Because section 1983 does not contain a statute of limitations, the practice has been to look to state law for the appropriate limitations period"). An amended complaint relates back to the original complaint under California law if "the amended complaint . . . (1) rest[s] on the *same general set of facts*, (2) involve[s] the *same injury*, and (3) refer[s] to the *same instrumentality*, as the original one." Norgart v. Upjohn Co., 21 Cal.4th 383, 408-09 (1999) (italics in original); M.G. ex rel. Goodwin v. Cnty. of Contra Costa, 2013 WL 706801, *4 (N.D. Cal. 2013) (same).

Plaintiff's FAC may "relate[] back to a timely filed original complaint, and thus avoid[] the bar of the statute of limitations, only if it rests on the same general set of facts and refers to the same 'offending instrumentalities,' accident and injuries as the original complaint." Davaloo v. State Farm Ins. Co., 135 Cal.App.4th 409, 415 (2005); see Brumley v. FDCC California, Inc., 156 Cal.App.4th 312, 319 (2007) (same). Regardless of whether an earlier complaint rests on the same set of facts, however, an amended complaint may not relate back unless "a reasonable defendant [would] have understood the complaint to allege that it was in some way responsible for plaintiff's injury[.]" Bell v. Tri-City Hospital Dist., 196 Cal.App.3d 438, 449 (1987), disapproved of on other grounds by State v. Superior Court (Bodde), 32 Cal.4th 1234 (2004). Accordingly, "[t]he relation-back doctrine is inapplicable . . . where [a plaintiff] attempts to relate back an amended [complaint] to a complaint which failed to name [defendant] or any Doe defendants." Kralow Co. v. Sully-Miller Contracting Co., 168 Cal.App.3d 1029, 1035-36 (1985); see Anderson v. Allstate Ins. Co., 630 F.2d 677, 683 (9th Cir. 1980) ("Under California law, if a defendant is added to an amended complaint as a new defendant, and not as a Doe defendant, the amendment does not relate back to the time of the original complaint.").

Here, plaintiff's claims against Lewis fail to relate back to the Skribner action because they fail to meet the threshold requirement that Lewis be named in the timely filed action either explicitly or as a Doe defendant. Neither the original nor the first amended complaint, filed on February 22, 2006 and March 23, 2007, respectively, name Lewis or a Doe defendant. (See, generally, Skribner, Case No. CV 06-0198 at Document Nos. 1 & 18). Further, the underlying facts of the claims against Lewis in the instant action – whether the four custodial counseling chronos were issued in retaliation of plaintiff's exercise of his right to lodge a grievance – do not appear anywhere in the Skribner pleadings filed before the February 22, 2008, deadline.[2] (See, generally, Skribner, Case No. CV 06-0198 at Document Nos. 1 & 18); see Jaffe v. Cnty. of Santa Clara, 2008

---

[2] While the Second Amended Complaint ("SAC") in Skribner does name Lewis as a defendant and also includes allegations that the custodial counseling chronos were "a [retaliatory] pretext . . . to create a justification for [plaintiff's] adverse transfer from the Honor Yard[,]" the SAC was filed on March 31, 2008, more than a month after the deadline on plaintiff's claims against Lewis expired. (See Skribner, Case No. CV 06-0198, Document No. 22 at ¶ 23).

4

WL 2050813, *5 (N.D. Cal. 2008) ("The inquiry under the relation-back doctrine concentrates on whether the amended pleading is based on the same *facts* as the original[.]") (italics in original). In sum, the relation back doctrine is inapplicable to plaintiff's claims against Lewis based on the Skribner action.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the court has conducted a de novo review of the Complaint, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, the Objections to the Report and Recommendation and the Response to the Objections. The court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation is hereby adopted;

2. Defendants' Motion to Dismiss the First Amended Complaint **(Document No. 31)** is **granted**;

3. Plaintiff's First Amended Complaint against defendant Curiel is dismissed without prejudice for failure to exhaust administrative remedies;

4. Plaintiff's First Amended Complaint against defendant Lewis is dismissed with prejudice as untimely;

5. Defendants' Motion to Stay Discovery **(Document No. 32)** is **denied as moot**;

6. Judgment shall be entered dismissing the action with prejudice as to defendant Lewis and without prejudice as to defendant Curiel; and

7. The Clerk shall serve copies of this Order on all parties.

Dated this 12th day of August, 2013.

_____/s/_____
Fernando M. Olguin
United States District Judge